Ruffin, C. J.
It was argued for the plaintiff, that either as carrier, or ware-house man, the defendant was bound to deliver the goods on board the boat, to be taken up the river to the owners. P>ut that point is not material to the present controversy; which is for an injury to the plaintiff’s boat, from unskilfulness, and negligence in loading. Suppose the defendant to be thus bound. Yet, that would be to the owner, only; and on request, and, for a refusal, the plaintiff" could have no action, although damage might be done to his boat, in taking in the load, under the direction of some one else. The question is, who is the author of the injury sustained by the plaintiff? Whether bound, or not, to deliver the goods to the owner on board of the boat, if the defendant had undertaken to load the boat, and by the negligent use of an indifferent rope, the goods fell, and did the damage, the plaintiff might have had an action. But, in point of fact, the defendant did not undertake it. There was no request to the defendant’s officers to do so; but, on the contrary, the owner of the goods, or, which is the same, the consignee, selected the goods, and took them under his own charge in the warehouse, and, taking the slaves about the establishment, he made them do the work, under his own direction. He did not act as the agent of the defendant, it is clear. For he had received no authority as agent; and, certainly, if the goods had received damage from falling into the water» he could have had no redress against the company for his own want of skill or care, about his own goods; nor can the present plaintiff. It would be peculiarly hard, if he could; as a sufficient rope was provided, and on the spot, by which the goods might have been let down safely, had the witness seen fit to use it. The time when the witness *329 usually took, and gave receipts for the goods, makes no difference; the substance is, whether he accepted the goods; and took them into his own care, and disposition, and not whether he gave a receipt for them.
Per Curiam. Judgment affirmed.